JAMES WHITELEY, PROPONENT, v. NELLIE M. WHITELEY, CONTESTANT.

WRIT OF ERROR—DISMISSAL OF FOR WANT OF PROSECUTION AND FOR OTHER REASONS.

Motion by proponent to dismiss a writ of error sued out by the contestant to review proceedings on appeal from the probate of a will after the decision affirming the order appealed from had been certified back to the probate court. Granted November 20, 1896.

Smith & Lee, for motion.

M. V. & R. A. Montgomery, contra.

The facts as shown by the record and the affidavit of Quincy A. Smith, one of the attorneys for the proponent, filed in support of the motion, were:

*a*—That the contestant, Nellie M. Whiteley, appealed from the probate by the probate court of Ingham county of a paper purporting to be the last will and testament of Elizabeth Whiteley; that the appeal was perfected February 13, 1894, by the filing of the necessary papers in the circuit court of Ingham county; that the appeal was tried, and on December 5, 1895, an order was entered, based upon the verdict of the jury impaneled to try said appeal, affirming the order appealed from, and directing that the case be remitted to the probate court for further proceedings.

*b*—That on February 26, 1896, the contestant was granted a stay of proceedings for 20 days to enable her to move for a new trial, or settle a bill of exceptions; that said motion was made and denied; that no bill of exceptions was thereafter, at any time, offered or proposed by said contestant for settlement; that on March 27, 1896, on motion of proponent an order was made that the record and proceedings and final determination and order of the circuit court be certified to the probate court of Ingham county for further proceedings according to law; that said order was thereafter duly executed by the clerk of said circuit court.

*c*—That no further application for an extension of time in which to settle a bill of exceptions or to take any other steps or proceedings in the case had ever been made to the circuit court.

*d*—That in pursuance of the final order of the circuit court proponent's costs were taxed; that an execution was issued for their collection; that the sheriff was induced, through the promises of the contestant or her attorneys to pay said costs, to refrain from making a levy under said execution, and the same was returned unsatisfied; that after an *alias* execution had been issued, and on June 22, 1896, the attorneys for the contestant sued out a writ of error returnable July 31, 1896, notice of which action was served on the attorneys for the proponent; that the contestant executed the statutory bond to stay proceedings; that no return had been made to said writ of error, and no further proceedings had been had by the contestant in said matter since the issuance of said writ.